## CIRCUIT COURT OF THE CITY OF RICHMOND

Sarar Khodr

v.

Irvin Martinez Garcia

February 4, 2002

Case No. LL-1238

BY JUDGE T. J. MARKOW

This case is before the Court on S. Keith Barker's Application to Enforce the Attorney's Fee Lien. The cause of action arises out of Barker's representation of Sarar Khodr in a personal injury case.

On June 27, 1998, Sarar Khodr was involved in a hit and run accident in the vicinity of West Broad and Bremner Boulevard. As a result, Khodr suffered injuries for which she was treated and released from the emergency room at Medical College of Virginia Hospital and Irvin M. Garcia was charged with the felony hit and run.

On July 6, 1998, she hired the firm of S. Keith Barker, P.C., to represent her in a personal injury action against Garcia. Khodr speaks little English and communicated with counsel at all times through her husband, Kelly Khodr. The parties entered into a contract by which terms Barker agreed to represent Sarar in exchange for 1/3 of her recovery in the case.

For the next three years, Barker undertook the representation of the case and ultimately, in May of 2001 Nationwide Insurance, Garcia's insurer offered Sarar $23,000 to settle her case. Barker called Sarar and Kelly down to his office and presented this settlement offer. The Khodrs rejected the settlement offer, indicating that they felt the value of Sarar's case was at least $60,000. Barker followed up that meeting with another attempt by letter to get the Khodrs to accept the settlement offer. This letter included a detailed valuation of Sarar's case as well as those aspects that troubled Barker and caused him to doubt that a recovery in excess of the current settlement offer

would be awarded by a jury. In addition, the letter stated Barker's intent to withdraw from the representation if Sarar continued to reject the settlement offer and insist upon pursuing the case.

After receiving Barker's letter, the Khodrs hired Joseph Blackburn to represent Sarar and Blackburn sent Barker a letter acknowledging Barker's withdrawal from representation and a request for Sarar's file. Barker then sent a letter to Blackburn denying that he had withdrawn from Sarar's case, but he forwarded the file and proceeded to draft an order for substitution of counsel which was later circulated, signed, and entered by the Court.

Blackburn later presented a $25,000 settlement offer to the Khodrs, which they accepted. Barker subsequently filed the Application to Enforce the Attorney's Fee Lien, claiming an entitlement to 1/3 of $23,000 settlement offer he negotiated from Nationwide on Sarar's behalf. In support of his application, Barker offered evidence of some twenty-one billable hours worth of work performed by his firm on behalf of Sarar Khodr.

Barker appears to make two arguments. First, he asserts that he is an attorney discharged without cause and is thus entitled to damages in *quantum meruit* for the services he provided Sarar prior to being dismissed. *Keinzman v. Fine, Fine, Legum & Fine,* 217 Va. 958, 234 S.E.2d 282 (1977).

If the Court accepts Barker's argument that Sarar dismissed him from the representation, that dismissal would have to have occurred on June 4, 2001. That is the date of Sarar's letter discharging Barker from her personal injury case and requesting a copy of the case file. This letter was sent roughly two weeks after Sarar had received a letter from counsel explaining, among other things, his intent to withdraw if she insisted on pursuing the case beyond the settlement offer in effect at that time. At that point, Barker left the client with two options: accept the settlement offer or hire other counsel to continue pursuing the case. Khodr chose the latter option. After having presented the client with the ultimatum, Barker cannot now be heard to argue that she dismissed him without cause. Since Virginia has only addressed the theory of *quantum meruit* in the context of dismissal without cause, Fine is not applicable to the case at bar.

Conversely, Barker argues that he withdrew from the representation for good cause shown and, further, that many other jurisdictions permit recovery in *quantum meruit* when such is the case. He asserts Sarar's unrealistic expectations with regard to recovery, her lack of cooperation regarding discovery, and a lack of trust between the attorney and his client among the reasons for his withdrawal.

While it may be true in other jurisdictions that these reasons amount to good cause shown for withdrawal from a representation, Virginia does not recognized this principle. Further, the evidence presented does not compel the Court to carve out a remedy for which there is no controlling authority.

Therefore, the Application for Enforcement of Attorney's Fee Lien is denied.